**FILED**

**MAY 2 2 2012**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

CLERK

| | |
|---|---|
| LARRY ALEXANDER, M.D. | Civ. No. 12-4093 |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| AVERA ST. LUKE'S HOSPITAL, | |
| Defendant. | |

COMES NOW Plaintiff, Larry Alexander, M.D., by and through his counsel of record, Steven M. Johnson and Shannon R. Falon, and for his causes of action against Defendant Avera St. Luke's Hospital, hereby states and alleges as follows:

## PARTIES

1. Plaintiff Larry Alexander, M.D. is a citizen of Fort Myers, Lee County, Florida.

2. Defendant Avera St. Luke's Hospital is a South Dakota corporation with its principal place of business in Aberdeen, South Dakota.

## JURISDICTION

3. Plaintiff brings this action under the Americans with Disabilities Act of 1990 as amended ("ADA"), 42 U.S.C. § 12101, et. seq., Age Discrimination in Employment Act, 29 U.S.C. § 626(c)(1), SDCL § 20-13-10, and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2617 *et. seq.*

4. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

    b. 28 U.S.C. § 1367, which gives the district court supplemental jurisdiction over

state law claims; and

c. 28 U.S.C. § 1332, which gives the Court jurisdiction based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## ADMINISTRATIVE PROCEDURE

6. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

7. On or about November 2, 2011, Plaintiff filed a charge of discrimination with the South Dakota Department of Labor, Division of Human Rights.

8. On or about November 3, 2011, the South Dakota Department of Labor, Division of Human Rights filed Plaintiff's charge with the Equal Employment Opportunity Commission (EEOC).

9. On or about January 24, 2012, the EEOC notified the Plaintiff that it may take more than one year to complete the investigation of the Plaintiff's charge and informed the Plaintiff that he may request a notice of right to sue.

10. On or about February 23, 2012, Plaintiff formally requested a notice of right to sue from the EEOC.

11. On or about March 20, 2012, Plaintiff received a notice of right to sue from the EEOC, a copy of which is attached as Ex. A.

## FACTS RELEVANT TO ALL CLAIMS

12. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

13. Defendant is an employer with more than twenty employees.

14. Plaintiff has a heart condition, mood disorder, and depression, each of which significantly limits one or more major life activities.

15. Plaintiff was employed by Defendant as a pathologist for nearly twenty years.

16. Plaintiff also was the medical director of the Defendant's laboratory.

17. Plaintiff is board certified in anatomic pathology, had six years of training and 23 years of work experience, and had completed all the requisite schooling to be an anatomic pathologist.

18. Plaintiff's job duties included examining specimens that the hospital obtained in surgery, dissecting those specimens, placing them in cassettes, submitting them for processing, and interpreting the slides to diagnose benign and malignant conditions and inflammatory conditions. Plaintiff also did administrative paperwork such as proficiency testing and reviewing manuals.

19. In March 2008, Plaintiff suffered a heart attack and subsequently underwent several medical procedures and hospitalizations.

20. On or about May 24, 2009, Plaintiff had a heart transplant.

21. Since his heart transplant, Plaintiff has been unable to drive, struggles with concentration, lifting, standing, and walking.

22. Defendant became aware of Plaintiff's heart attack in March 2008.

23. Defendant was also aware of Plaintiff's' May 2009 heart transplant.

24. In October 2010, Plaintiff was diagnosed with bipolar disorder.

25. Between on or about October 3, 2010 to October 10, 2010, Plaintiff was hospitalized for this disorder in a mental health ward.

26. Plaintiff informed Defendant of his bipolar disorder and related hospitalization.

27. Plaintiff's bi-polar disorder significantly limits one or more major life activities.

28. On or about August 11, 2011, Defendant terminated the Plaintiff, which constituted an adverse employment action.

29. At the time Plaintiff was terminated, he was 58 years old.

30. Defendant hired a person less than forty years of age to fill Plaintiff's position.

### COUNT I

*Violation of the Americans with Disabilities Act (ADA).*

31. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

32. Plaintiff has a disability within the meaning of 42 U.S.C. 12102(1), in that Plaintiff has a physical or mental impairment, which significantly limits one or more major life activities.

33. Such major life activities limited by Plaintiff's disability include, but are not limited to, walking, standing, sitting, caring for oneself, sleeping, lifting, and an inability to drive.

34. Plaintiff informed Defendant of his disabilities.

35. Plaintiff is qualified to perform his essential duties in that Plaintiff possesses the requisite skill, education, experience, and training for the position with or without reasonable accommodation of his disability.

36. Plaintiff requested reasonable accommodations from the Defendant, including, but not limited to, modification of the Plaintiff's work schedule.

37. Defendant did not make a good faith effort to assist the Plaintiff in seeking accommodations.

38. Plaintiff could have been reasonably accommodated but for the Defendant's lack of good faith.

39. Plaintiff suffered an adverse employment action, in that he was terminated on or about August 11, 2011.

40. The Plaintiff suffered damages as a direct and proximate result of the Defendant's violation of the Americans with Disabilities Act.

41. Defendant engaged in a discriminatory practice with malice or with reckless indifference to the Plaintiff's federally protected rights for which punitive damages are recoverable pursuant to 42 U.S.C. § 1981a(b)(1).

## COUNT II

*Violation of the Age Discrimination in Employment Act (ADEA).*

42. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

43. Plaintiff was 58 years old on August 11, 2011.

44. Prior to August 11, 2011, Plaintiff was employed by Defendant for nearly 20 years.

45. Plaintiff had the requisite knowledge, skill, and training for the position in which he had been working for over 20 years and therefore, was qualified for the position that he held.

46. Defendant terminated Plaintiff's employment on August 11, 2011.

47. After terminating Plaintiff, Defendant hired an employee who was younger than forty years of age to replace the Plaintiff.

48. The Plaintiff suffered damages as a direct and proximate result of the Defendant's violation of the Age Discrimination in Employment Act.

49. Defendant's conduct was willful for which liquidated damages are recoverable pursuant to 29 U.S.C. § 626.

## COUNT III

*Wrongful Discharge under SDCL § 20-13-10*

50. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

51. Plaintiff informed Defendant of his disabilities.

52. Plaintiff is qualified to perform his essential duties in that Plaintiff possesses the requisite skill, education, experience, and training for the position with or without reasonable accommodation.

53. Plaintiff requested reasonable accommodations from the Defendant, including, but not limited to, modification of the Plaintiff's schedule.

54. Defendant did not make a good faith effort to assist the Plaintiff in seeking accommodations.

55. Plaintiff could have been reasonably accommodated but for the Defendant's lack of good faith.

56. Plaintiff suffered an adverse employment action, in that he was terminated on or about August 11, 2011.

57. The Plaintiff suffered damages as a direct and proximate result of the Defendant's wrongful discharge of the Plaintiff in violation of SDCL § 20-13-10.

58. Defendant's conduct was in willful, wanton, and conscious disregard for the rights of the Plaintiff, for which punitive damages are recoverable pursuant to SDCL § 21-3-2.

## COUNT IV

*Interference With Plaintiff's Rights Under The Family And Medical Leave Act*

59. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

60. The Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. 2617 *et. seq.*, allows eligible employees of a covered employer to take job-protected, unpaid leave for up to a total of twelve (12) weeks in any twelve (12) month period because the employee's own serious health condition makes the employee unable to perform the functions of his job.

61. At the time Plaintiff worked for the Defendant it employed more than fifty (50) employees for twenty (20) or more weeks. The Defendant is involved in industry or activity affecting commerce and is required to comply with the FMLA.

62. Plaintiff was diagnosed with bipolar disorder and depression, which required hospitalization.

63. Plaintiff also had a heart condition that eventually required a heart transplant.

64. Plaintiff's mental illness and his heart condition each constitute a serious health condition as defined in the FMLA.

65. Plaintiff worked for the Defendant for at least twelve months and at least 1,250 hours in the 12-month period before he requested FMLA leave. Accordingly, he is an "eligible" employee under the FMLA and was entitled to at least twelve (12) weeks of job-protected, unpaid leave to care for and receive treatment for his serious health conditions.

66. The Defendant interfered with, restrained, and denied Plaintiff's right to take FMLA leave for his serious health conditions, in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

67. The Defendant's termination of the Plaintiff also interfered with his right to take FMLA leave for his serious health conditions, in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

68. The Defendant's interference with, restraint of, and denial of Plaintiff's FMLA leave caused him to suffer a loss of past and future wages for which the Defendant is liable under the FMLA. He is also entitled to recover his attorney's fees, reasonable expert witness fees, and other costs of the action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

(1) For compensatory, general, special, liquidated, and punitive damages in an amount to be determined by the jury to compensate Plaintiff for all injuries sustained as a result of Defendant's conduct;

(2) For Plaintiff's costs and disbursements herein;

(3) For prejudgment and post-judgment interest;

(4) For attorney's fees, reasonable expert witness fees, and costs pursuant to 42 U.S.C. § 12205 (ADA), 29 U.S.C. § 216(b) (ADEA), and 29 U.S.C. § 2617(a)(3) (FMLA).

(5) For such further relief as the Court deems proper.

Dated this 22nd day of May, 2012.

>JOHNSON, HEIDEPRIEM,
>& ABDALLAH, L.L.P.
>
>BY *Shannon R. Falon*
>Steven M. Johnson (steve@jhalawfirm.com)
>Shannon R. Falon (shannon@jhalawfirm.com)
>Sara E. Show (sara@jhalawfirm.com)
>P.O. Box 2348
>Sioux Falls, SD 57101-2348
>(605) 338-4304
>
>*Attorneys for the Plaintiff*

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

*Shannon R. Falon*
Steven M. Johnson